## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No.  18-12378 (CSS) |
| WELDED CONSTRUCTION, L.P. *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| EARTH PIPELINE SEREVICES, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No.: 19-50274 (CSS) |
| | ) | Adv. Pro. No.: 19-50275 (CSS) |
| COLUMBIA GAS TRANSMISSION, | ) | |
| LLC, and WELDED CONSTRUCTION, | ) | (Consolidated) |
| L.P., | ) | |
| Defendant. | ) | |
| COLUMBIA GAS TRANSMISSION, | ) | |
| LLC, | ) | |
| Counter-claimant, | ) | |
| v. | ) | |
| | ) | |
| EARTH PIPELINE SERVICES, INC, | ) | |
| | ) | |
| Counter-defendant. | ) | |

## OPINION

**ARCHER & GREINER, P.C.**
David W. Carickhoff
300 Delaware Avenue
Suite 1100
Wilmington, DE  19801
-and-
**MAYER BROWN LLP**
Charles S. Kelley
Andrew C. Elkhoury
700 Louisiana Street
Suite 3400
Houston, TX 77002

Counsel for Columbia Gas
Transmission, LLC

**COHEN, SEGLIAS, PALLAS**
**GREENHALL, & FURMAN, P.C.**
Stephen A. Venzie
Sally J. Daugherty
500 Delaware Avenue
Suite 730
Wilmington, DE 19801

Counsel for Earth Pipeline
Services, Inc.

Dated: December 1, 2020

Sontchi, C.J._____

### INTRODUCTION[1]

Before the Court is Columbia Gas's Motion to Dismiss with prejudice Earth's Amended Complaint.  Columbia Gas owned the Property and the Project.  Welded, a nominal defendant, entered into a contract with Columbia Gas to complete the Project on the Property.  Welded then subcontracted Earth to complete work on the Project.  Earth, after completing work on the Project, submitted an invoice to Welded for $7,342,519.62 but only received $3,692,219.20 leaving unpaid $3,650,300.42.

As a result, Earth filed the above captioned Amended Complaint seeking recovery of $3,650,300.42 from Columbia Gas under three theories: Count 1—for the enforcement of the Liens; Count 2—for recovery under the theory of unjust enrichment; or Count 3—for recovery under the theory of *quantum meirut*.

In response, Columbia Gas filed the Motion to Dismiss with prejudice Earth's Amended Complaint because, (1) Earth either (i) waived its right to file or record a mechanic's lien under the terms of the Subcontract or (ii) owes Columbia Gas nothing under West Virginia law and the terms of the Subcontract; and (2) Earth cannot seek quasi-contractual claims where the claim is based on recovery under the express terms of a contract—the Subcontract.

---

[1] Capitalized terms used herein shall have the meaning ascribed to them *infra*.

For the reasons set forth below, the Court will grant the motion to dismiss, without prejudice on Counts 2 and 3 for unjust enrichment and *quantum meirut*, and with prejudice on Count 1 for the enforcement of liens.

## JURISDICTION & VENUE

The Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Earth does not consent to the Court's entry of a final order on this matter.[2]

## STATEMENT OF FACTS

*A. Parties*

Plaintiff Earth Pipeline Services, Inc. ("Earth") is a Wyoming corporation with its principal place of business in Washington, Pennsylvania.[3] Columbia Gas Transmission, LLC ("Columbia Gas") is a Delaware limited liability company, with a principal place of business in Houston, Texas.[4] Welded Constructed, L.P. ("Welded") is a Delaware limited partnership, with a principal place of business in Perrysburg, Ohio.[5]

*B. Events*

In early 2018, Columbia Gas hired Welded as a general contractor to construct Spread 1 of the Mountaineer Xpress Pipeline Project (the "Project") on property owned

---

[2] *Plaintiff Earth Pipeline Services, Inc.'s Response and Brief in Opposition to Defendant Columbia Gas Transmission's Motion to Dismiss Plaintiff Earth Pipeline Services, Inc.'s Amended Complaint* (the "Response"), Adv. Proc. No. 19-50274 [D.I. 36], at 1.

[3] *Amended Complaint*, Adv. Proc. No. 19-50274 [D.I. 23], at ¶ 1.

[4] *Id.*, at ¶ 2.

[5] *Id.*, at ¶ 3.

by Columbia Gas in Marshall and Wetzel counties, West Virginia (the "Property").[6]  On

or about March 20, 2018, Welded entered into a written subcontract with Earth ("the

Subcontract").[7]  The Subcontract provided that, among other things, Earth would

perform mechanical clearing of the pipeline construction right-of-way and all extra work

spaces and access roads for the Project on the Property.[8]

On or about June 22, 2018, Welded, at the direction of Columbia Gas, informed

Earth that it was terminating the Subcontract.[9]  Earth invoiced Welded for $7,342,519.62,

reflecting labor performed and materials used in furtherance of the Subcontract.[10]  To

date, Welded only paid Earth $3,692,219.20 for its work.[11]  On September 12, 2018, Earth

filed two separate notices of mechanic's liens, pursuant to West Virginia Code § 38-2-1,

*et seq.*, (the "Lien Law"). One notice was filed in Marshall County, West Virginia, and

another in Wetzel County, West Virginia (together, the "Notices" or "Liens").[12]  The

Notices were each recorded in the amount of $3,650,300.42—which reflects the difference

between the invoice for $7,342,519.62 and the $3,692,219.20 paid.[13]

---

[6] *Id.*, at ¶ 5.

[7] *Id.*, at ¶ 8.

[8] *Id.*, at Ex. 1, page 2 of 25.

[9] *Id.*, at ¶ 13.

[10] *Id.*, at ¶ 16.

[11] *Id.*, at ¶ 18.

[12] *Id.*, at ¶ 20; filed with the Clerk of the Marshall County Commission, at Instrument No. 1445514, Mechanic's Lien Book 11 at page 574; filed with the Clerk of the Wetzel County Commission, at Instrument No. 257004, Mechanic's Lien Book 6 at page 872

[13] *Id.*

C.  *Subcontract*

The Subcontract contains two provisions relevant to liens.  First, the following clause (the "Lien Clause"):

> Subcontractor shall cause any Lien which may be filed or recorded against the Work, the Facility, the Work Site or any lands or property of Company to be released and discharged forthwith at the cost and expense of Subcontractor . . . No amounts are payable by Contractor to Subcontractor so long as a Lien remains registered against the Work, the Facilities, the Work Site or any lands or property of Contractor, arising out of the Work.[14]

Second, a clause from the indemnity section (the "SLI Clause") stating:

> Subcontractor shall defend, indemnify and hold harmless Contractor . . . from and against any and all Claims of whatever nature . . . which may be brought against Contractor Indemnified Parties . . . to the extent caused by:
>
> ***
>
> (F) all Liens and claims made or liability incurred by Contractor on account of the Work performed or materials supplied by any Subcontractor, including fees and expenses of legal counsel, but only to the extent Subcontractor has been paid by Contract [sic] all amounts due under this Agreement[.][15]

D.  *Procedural Background*

On October 22, 2018, Welded filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.[16]  On or about March 8, 2019, Earth filed complaints to foreclose the Liens in the circuit courts of Marshall and Wetzel counties,

---

[14] *Id.*, at Ex. 1, pages 15–16 of 25 (Ex. G to the Subcontract).

[15] *Amended Complaint*, at Ex. 1, page 17 of 25 (Ex. G to the Subcontract) (emphasis added).

[16] *Id.*, at ¶ 21.

and named Columbia Gas as a defendant (the "Foreclosure Complaints").[17] Columbia Gas then moved for removal of the Foreclosure Complaints.[18] On or about April 10, 2019, the Foreclosure Complaints were removed to the United States Bankruptcy Court for the Northern District of West Virginia.[19] Thereafter, Columbia Gas moved for, and on June 26, 2019 the Northern District of West Virginia Bankruptcy Court granted, a transfer of venue to this Court.[20]

On May 6, 2020, the Court entered a scheduling order that, among other things, consolidated Earth's Foreclosure Complaints into a single adversary proceeding (Adv. Proc. No. 19-50274) within the Welded bankruptcy proceedings.[21] On May 13, 2020, Earth amended its complaint to add Welded as a nominal defendant. On May 20, 2020, Earth again amended its complaint—which is the Amended Complaint presently before the Court—adding additional allegations in support of its action *in rem* pertaining to the Liens and adding equitable actions *in personam* against Columbia Gas for unjust enrichment and *quantum meruit* (the "Claims in Equity").[22]

On June 3, 2020, Columbia Gas filed its *Columbia Gas Transmission's Motion to Dismiss Earth Pipeline Services, Inc.'s Amended Complaint* (the "Motion to Dismiss"). On June 26, 2020, Earth filed the *Plaintiff Earth Pipeline Services, Inc.'s Response and Brief in*

---

[17] *Columbia Gas Transmission's Motion to Dismiss Earth Pipeline Services, Inc.'s Amended Complaint* (the "*Motion to Dismiss*"), Adv. Proc. No. 19-50274 [D.I. 28], at 1.

[18] *Id.*

[19] *Amended Complaint*, at ¶ 23.

[20] *Id.*, at ¶ 24.

[21] *Amended Complaint*, at ¶ 25.

[22] *See id.*, at Counts II (unjust enrichment) and III (*quantum meruit*).

*Opposition to Defendant Columbia Gas Transmission's Motion to Dismiss Plaintiff Earth Pipeline Services, Inc.'s Amended Complaint* (the "Response") , and on July 13, 2020, Columbia Gas filed its *Reply in Support of its Motion to Dismiss* (the "Reply").[23]

In July 2020, both Columbia Gas and Earth requested oral arguments be held on the Motion to Dismiss.[24]  On July 21, 2020, counsel for Columbia Gas entered the *Notice of Completion of Briefing* on behalf of the parties to this adversary proceeding.[25] Meanwhile, another Welded subcontractor sought intervention into this adversary proceeding, which the Court denied in an opinion dated July 31, 2020.[26]  The Court is now tasked with ruling on Columbia Gas's Motion to Dismiss.

## LEGAL DISCUSSION

### A.  Standard of Review

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6)—made applicable in bankruptcy adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b)—challenges the sufficiency of the factual allegations in the complaint.[27]  "In reviewing a motion to dismiss . . ., we treat as true all well-pleaded facts in the complaint, which we construe in the 'light most favorable to the plaintiff.'"[28]  The

---

[23] D.I. 42.

[24] *See Request for Oral Argument Filed by Columbia Gas Transmission, LLC* [D.I. 43] *and Request for Oral Argument Filed by Earth Pipeline Services, Inc.* [D.I. 45].

[25] D.I. 46.

[26] *Earth Pipeline Services, Inc. v. Columbia Gas Transmission, LLC (In re Welded Construction, L.P.)*, No. 18-12378 (CSS), 2020 WL 4383818 (Bankr. D. Del. July 31, 2020).

[27] *In re Aspect Software Parent, Inc.*, 578 B.R. 718, 722 (Bankr. D. Del. 2017) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)).

[28] *Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co. (U.S.A)*, 768 F.3d 284, 290 (3d Cir. 2014) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).

"court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."[29]

A motion to dismiss is granted when the pleading fails "to state a claim upon which relief can be granted . . . ."[30]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31] "But detailed pleading is not generally required."[32]

In considering a motion to dismiss, the Third Circuit has formulated three steps lower courts must follow in "reviewing the sufficiency of a complaint."[33]  Courts must: (1) identify the elements of a claim, (2) identify conclusory allegations, and (3) accept factual allegations as true and "view them and reasonable inferences drawn from them in the light most favorable to [the plaintiff] to decide whether 'they plausibly give rise to an entitlement to relief.'"[34]

---

[29] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)).

[30] Fed. R. Civ. Pro. 12(b)(6).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[32] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016).

[33] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016).

[34] *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 326 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 2565 (2020).

*B.  Analysis*

The Court first addresses Count 1 of Earth's Amended Complaint—the Lien Claims.    Afterwards, the Court addresses Counts 2 and 3 of Earth's Amended Complaint—the Claims in Equity.  As explained below, the Court concludes that Earth has failed to state a claim upon which relief can be granted.

The parties use West Virginia law in their discussion of (i) the Lien Law, (ii) the interpretation and enforcement of the Subcontract, and (iii) the Claims in Equity.[35]  For all Counts, the parties appear to be in agreement that West Virginia law should apply.[36]  For purposes of the Lien Law, the interpretation and enforcement of the Subcontract, and the Claims in Equity, the Court assumes, without deciding, that West Virginia law applies.[37]

*i.  Count 1: Enforcement of Mechanic's Lien*

First, the Court will consider whether Earth plead sufficiently facts that support a claim for relief under the Lien Law.  Next, the Court will consider whether Earth contractually waived its right to assert a statutorily created mechanic's lien against Columbia Gas in the Subcontract.  Because the Subcontract is attached as an exhibit to the Complaint, it is proper for the Court to consider it.[38]  Third, the Court will consider

---

[35] *See Motion to Dismiss*, D.I. 28; *Amended Complaint* D.I. 23 at ¶ 20.

[36] *See generally Amended Complaint*, *Motion to Dismiss*, *Response* and *Reply*.

[37] *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999) ("Because the parties appear to be in agreement on this issue, we will assume, without deciding, that Pennsylvania law supplies the appropriate substantive rules.").

[38] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).

whether the Subcontract reduces the amount Columbia Gas owes Earth to zero dollars. Finally, to be exhaustive, the Court will determine whether there was a lien waiver under the Subcontract.

Under West Virginia law, a materialman's lien, also referred to as a mechanic's lien, is established entirely by statute.[39] Thus, one must substantially comply with section 38 of the West Virginia Code to establish a statutory mechanic's lien.[40]

West Virginia Code section 38 statutorily creates a lien on a property owner's property for the benefit of a subcontractor where there exists:  (1) a contract (the "General Contract") between the owner of the property and the contractor (the "General Contractor") obligating General Contractor to, among other things, construct, alter, or improve the property;  (2) a contract between General Contractor and the subcontractor (the "Subcontractor") obligating Subcontractor to perform, among other things, (i) the furnishing of materials, supplies, or equipment or (ii) the performance of labor, work, or services necessary for the General Contract; (3) an agreement by the owner of the property to pay for the work of General Contractor; and (4) an agreement by General Contractor to pay for the work of Subcontractor.[41]  The Liens must be recorded with the correct recorder's office within one hundred days after the last date Subcontractor

---

[39] *See Badger Lumber Co., v. Redd*, 583 S.E.2d 74, 78 (W. Va. 2003).

[40] *See Badger Lumber Co., v. Redd*, 583 S.E.2d 74, 78 (W. Va. 2003).

[41] *Compare* W. VA. CODE § 38-2-2 *with* W. VA. CODE § 38-2-1. *See e.g.*, *Hanover Res., LLC v. LML Properties, LLC*, 828 S.E.2d 829, 834 (W. Va. 2019) ("From the text of West Virginia Code §§ 38-2-1 and -2, we derive the requirements for a finding of an owner/contractor relationship in this context: (a) there must be a contract between the owner and a contractor obligating the contractor to perform the work; and (b) there must be an agreement by the owner to pay the contractor for the work.").

supplied work or materials.[42]  Notice to the owner is due within the same one hundred

day period.[43]

Plausible Claim for Relief

1.   West Virginia Statutory Mechanic's Lien

Earth plead sufficiently facts supporting the creation of a mechanic's lien under

West Virginia law.  Earth alleges that (i) Columbia Gas contracted Welded to complete

the Project; (ii) Welded entered into a subcontract with Earth to complete the mechanical

clearing for the Project; (iii) Columbia Gas is the owner of the Property or Project; and

(iv) the Liens were timely and properly recorded and notice was timely sent to Columbia

Gas.[44]  These alleged facts are sufficient to support Earth's claim for a mechanic's lien

under the Lien Law against Columbia Gas.

2.   Defenses to Mechanic's Lien

Columbia Gas argues that West Virginia law allows for the waiver of mechanic's

liens.[45]  Columbia Gas further argues that Earth waived its right to file a mechanic's lien

in the Lien Clause of the Subcontract.  And because Earth waived its right to a mechanic's

lien, it cannot seek an action to enforce the lien.[46]  In response, Earth argues that West

Virginia law does not allow for the blanket waiver of mechanic's liens.[47]  But if West

---

[42] W. Va. Code § 38-2-9.

[43] W. Va. Code § 38-2-9.

[44] *Amended Complaint*, at 4, 5.

[45] *Reply*, at 10.

[46] *Motion to Dismiss*, at 2–3, 8–16.

[47] *Response* at 9–14.

Virginia law did allow for the blanket waiver of mechanic's liens Earth argues  (i) that Columbia Gas does not have standing to raise the Lien Clause as a defense to the Liens Claim because Columbia Gas is not a party to the Subcontract,[48] and (ii) that Earth did not waive its ability to enforce the Liens because (a) the Subcontract is ambiguous and does not contain express language of waiver,[49] and (b) the SLI Clause proves that Earth did not intend to waive the Liens Claim.[50]  In its reply, Columbia Gas argues that even if it cannot raise the lien waiver, the total amount payable to Earth is limited to what Welded must pay Earth under the Subcontract—nothing.  The Court will first address whether West Virginia allows the waiver of mechanic's liens.

As a threshold matter, West Virginia law allows the waiver of mechanic's liens.[51] The waiver, though, "must be shown by clear and convincing proof.  The presumption is against waiver or abandonment."[52]  Lien waivers "are strictly construed against the party for whose benefit they were incorporated in the instrument."[53]  However, West Virginia's allowance of mechanic lien waivers does not necessarily mean that Columbia Gas can enforce the Lien Clause as a third-party beneficiary to the Subcontract.

---

[48] *Response*, at 2.

[49] *Id.*, at 9–14.

[50] *Id.*, at 13.

[51] *First Am. Title Ins. Co. v. Bowles Rice, LLP*, No. 1:16CV219, 2018 WL 3763001, at *10 (N.D.W. Va. Aug. 8, 2018) ("Undoubtedly, a contractor may waive his right to file a mechanic's lien.") (citing *Bauer Enters., Inc. v. Frye*, 382 S.E.2d 71, 74 (W. Va. 1989)).

[52] *Campbell v. Hutchinson Lumber Co.*, 145 S.E. 160, 165 (W. Va. 1928).

[53] *See e.g.*, *Wellington Power Corp. v. CNA Sur. Corp.*, 614 S.E. 2d 680, 688 (2005) (citation omitted).

Columbia Gas cannot enforce the Lien Clause as a third-party beneficiary to the Subcontract.  West Virginia law outlines a third-party beneficiary's ability to enforce a contract in West Virginia Code § 55-8-12, which states:

> If a covenant or promise be made for the *sole benefit* of a person with whom it is not made, . . . such person may maintain, in his own name, any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise.

The Court interpreted this statute in a related ruling, stating:

> The Supreme Court of Appeals of West Virginia has "repeatedly applied this statute" and "consistently given force to the 'sole benefit' requirement."[54] If the provisions of the contract at issue "were intended for the benefit and protection of [one of the contracting parties], and not for the sole benefit of the plaintiff or for the sole benefit of a class of which plaintiff is a member," then that third party cannot sue to enforce the contract.[55] "[S]tatus as a third-party beneficiary can be determined with regard to a specific provision, covenant, or promise, and not necessarily the contract as a whole."[56]

> In determining whether a third party is the *sole* beneficiary of a contract, West Virginia law requires "language in the contract . . . that either expressly or impliedly declares an intent that the contract was for [the plaintiff's] *sole* benefit."[57] Otherwise, "there is a presumption that the contracting

---

[54] *Eastern Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 277 (2001); *see id.* (citing *Elmore v. State Farm Mut. Auto. Ins. Co*, 504 S.E.2d 893, 901 (1998) (third party barred from pursuing breach of fiduciary duty claim against tortfeasor's insurer), and *Robinson v. Cabell Huntington Hosp., Inc.*, 498 S.E.2d 27 (1997) (medical malpractice plaintiffs could not directly sue a physician's liability insurer in the absence of express language granting third-party benefits)).

[55] *Eastern Steel*, 549 S.E.2d at 278 (citing *United Dispatch v. E.J. Albrecht Co.*, 46, 62 S.E.2d 289, 296 (1950)).

[56] *Hatfield v. Wilson*, No. 3:12-0944, 2012 WL 2888686, at *3 (S.D. W. Va. July 13, 2012) (covenant to retain employee in a purchase agreement can be enforced by the employee for whose benefit it was made).  *Earth Pipeline Services, Inc. v. Columbia Gas Transmission, LLC (In re Welded Constr., L.P.)*, 618 B.R. 710, 724–25 (Bankr. D. Del. 2020).

[57] *Eastern Steel*, 549 S.E.2d at 278.

parties did not so intend and in order to overcome such presumption the implication from the contract as a whole and the surrounding circumstances must be so strong as to be tantamount to an express declaration."[58]    Even if "the contracting parties knew the contract would result in professional work product . . . that would ultimately be relied on," if the contract itself is clearly for the benefit of the contracting parties, then only they can enforce it.[59]

Columbia Gas presents the following statement from Earth as proof that the Subcontract was performed for Columbia Gas's sole benefit: "[Earth]'s work under the Subcontract was performed as part of Welded's work for [Columbia Gas] under the prime contract and, therefore, *for the sole benefit of* [Columbia Gas]."[60]  This statement misses the mark.  West Virginia law looks to "language in the contract" that the contract was for one's sole benefit.  Earth's statement is language from its pleading—not the terms of the Subcontract.  Because Earth's statement is extrinsic to the four corners of the Subcontract, and is a legal conclusion, the Court will give it no weight at this time.

The Subcontract only sets forth legal entitlements for two parties: Welded and Earth.  Columbia Gas appears in the Subcontract only as the property owner.  Hence, Columbia Gas does not meet West Virginia's strict sole benefit requirement and cannot raise the Lien Clause as a defense.

The Court now turns to address whether the amount Earth can recover from Columbia Gas is limited to the amount that Earth can recover from Welded under the

---

[58] *Id.* (quoting *Ison v. Daniel Crisp Corp.*, 122 S.E.2d 553 (1961)).

[59] *Eastern Steel*, 549 S.E.2d at 278; *Earth Pipeline Services, Inc. v. Columbia Gas Transmission, LLC (In re Welded Constr., L.P.)*, 618 B.R. 710, 725 (Bankr. D. Del. 2020).

[60] *Amended Complaint*, at ¶ 11 (emphasis added).

Subcontract. Columbia Gas's asserts that under West Virginia law, a subcontractor's mechanic's lien "arises only to ensure, and is capped by, the money owed by the general contractor."[61]  Thus, even if the Court finds that as a third-party to the Subcontract, Columbia Gas cannot enforce the Subcontract, the Subcontract limits the amount Earth can recover from Columbia Gas to **nothing** because the Lien Clause provides that "[n]o amounts are payable by Contractor to Subcontractor so long as a Lien remains registered against the Work, the Facilities, the Work Site or any lands or property of Contractor, arising out of the Work."[62]  Earth argues that the amount Welded must pay to Earth under the Subcontract has no bearing on the amount Columbia Gas owes to Earth.[63]

Columbia Gas has correctly stated West Virginia law.  If Welded owes Earth nothing, Columbia Gas, likewise, will owe Earth nothing.  "Work" as defined by the Subcontract is identical to the "Project" as defined herein.[64]  The Subcontract does not define "Work Site," but defines the location of the "Work" to be identical to the "Property" as defined herein.  The Subcontract fails to define "Facility."

Because Earth filed the Liens against "the [Project], the Facilities, [or] the [Property]," Welded owes Earth nothing on the Lien Claims under the Lien Clause.  If

---

[61] *See* W. Va. Code § 38-2-2 (subcontractor "shall have a lien for his or her compensation"); *see also Kane & Keyser Hardware Co. v. Cobb*, 91 S.E. 454 (1917) (lien serves to satisfy subcontractor's claim against contractor).

[62] *Amended Complaint*, at Ex. 1, pages 15–16 of 25 (Ex. G to the Subcontract).

[63] *Response*, at 2.

[64] *Amedned Complaint*, at Ex. 1, page 3 of 25.

Welded owes nothing to Earth, the owner of the Project or Property—Columbia Gas—likewise owes Earth nothing under West Virginia law.

Because Columbia Gas owes Earth nothing, the Court has no need to further determine whether the Subcontract contains a lien waiver.  But to be exhaustive, the Court has examined the terms of the Subcontract to see if Earth has waived its right to a mechanic's lien by signing the Subcontract.  The Court determines that the terms of the Subcontract unambiguously provide that Earth waived its right to a mechanic's lien.  The analysis is provided below.

Earth contends that the Lien Clause of the Subcontract is ambiguous or that the SLI Clause informs the Lien Clause such that the terms of the Subcontract do not produce a waiver of mechanic's liens.[65]  Specifically, Earth argues that West Virginia law requires a waiver of a mechanic's lien to contain some variation of the word "waiver."[66]  Unsurprisingly, Columbia Gas argues that the terms of the Subcontract are unambiguous.[67]

Under West Virginia law, contracts are "considered as a whole,"[68] with undefined terms ascribed their "plain and ordinary meaning."[69]   As a matter of contract interpretation, "where the terms of the contract are clear and unambiguous, they must be

---

[65] *Response*, at 11.

[66] *Response*, at 10.

[67] *Motion to Dismiss*, at 6.

[68] Syllabus, *Clayton v. Nicely*, 182 S.E. 569 (W. Va. 1935).

[69] *Berry v. Mountain Air Prop. Owners Assn., Inc.*, No. 13-1324, 2014 WL 5312274, at *3 (W. Va. Oct. 17, 2014) (holding, *inter alia*, "A restrictive covenant in a deed, *like any provision in a contract*, should be given its plain and ordinary meaning") (emphasis added).

applied and not construed."[70]  A contract is considered ambiguous when its "terms are

inconsistent on their face or where the phraseology can support reasonable differences of

opinion as to the meaning of words employed and obligations taken."[71]  Conversely, a

contract is clear and unambiguous when there are neither inconsistent terms nor more

than one reasonable interpretation of the terms.

While the Court reads the terms Subcontract as a whole, immediately relevant are

only two provisions: the Lien Clause and the SLI Clause.  The Court will reproduce the

two relevant provisions and related definitions below:

> [Earth] shall cause any Lien which may be filed or recorded
> against the [Project], the Facility, the [Property] or any lands
> or property of Company to be released and discharged
> forthwith at the cost and expense of [Earth] . . . No amounts
> are payable by [Welded] to [Earth] so long as a Lien remains
> registered against the [Project], the Facilities, the [Property] or
> any lands or property of [Welded], arising out of the
> [Project].[72]

And

> [Earth] shall defend, indemnify and hold harmless
> [Welded] . . . from and against any and all Claims of whatever
> nature . . . which may be brought against [Welded]. . . to the
> extent caused by:
>
> ***
>
> (F) all Liens and claims made or liability incurred by [Welded]
> on account of the [Project] performed or materials supplied
> by [Earth], including fees and expenses of legal counsel, but

---

[70] *Haynes v. DaimlerChrysler Corp.*, 720 S.E.2d 564, 568 (W. Va. 2011) (*quoting* Syllabus Point 2, *Bethlehem Mines Corp. v. Haden*, 172 S.E.2d 126 (W. Va. 1969)).

[71] *Id.*, at 568–69 (*quoting* Syllabus Point 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 569 S.E.2d 796 (W. Va. 2002).

[72] *Id.*, at Ex. 1, pages 15–16 of 25 (Ex. G to the Subcontract).

only to the extent [Earth] has been paid by [Welded] all amounts due under this Agreement[.][73]

As described above, the Court's defined term "Project" is equivalent to the term "Work" used in the Subcontract and the Court's defined term "Property" is equivalent to the Subcontract's term "Work Site."[74]  The Subcontract fails to define "Facility."

The Court finds the terms of the Subcontract to be clear and unambiguous. Accordingly, the Lien Clause reads that Earth will cause any Lien filed or recorded against materials and labor in connections with the Project to be released and discharged at Earth's expense.  Similar language was discussed, in the peripheral, in *McMerrit*.  In *McMerrit*, the Supreme Court of Appeals of West Virginia stated that the below language was an express waiver of a mechanic's lien:

> The undersigned does hereby forever release and discharge the Company, the Building and the land upon which the Building is located, from any and all causes of action, suits, debts, liens, damages, claims, and demands whatsoever in law or equity which the undersigned and/or its assigns ever had, now have, or ever will have against the Company, the Building, and/or the land upon which the Building is located, by reason of the delivery of materials and/or the performance of work relating to the construction of the Building.[75]

Hence, the Lien Clause expresses a waiver of mechanic's lien—even though it did not expressly use a variation of the word "waive."  The remaining question is whether the SLI Clause changes the calculus.  It does not.

---

[73] *Amended Complaint*, at Ex. 1, page 17 of 25 (Ex. G to the Subcontract) (emphasis added).

[74] *Amedned Complaint*, at Ex. 1, page 3 of 25.

[75] *McMerit Const. Co. v. Knightsbridge Dev. Co.*, 367 S.E.2d 512, 513 (1988).

The Supreme Court of Appeals of West Virginia cites, with some regularity, to Corbin on Contracts.[76]  Corbin, quoting the Restatement (Second) of Contracts states: "an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect . . . ."[77]  Further, "[I]f the apparent inconsistency is between a clause that is general and broadly inclusive in nature and one that is more limited and specific in its coverage, the more specific term should usually be held to prevail over the more general term."[78]

Putting aside the legal distinction between a "discharge and release" and an "indemnification," the general cannon of contract interpretation—that the specific governs the general—applies here.  The Lien Clause is specific to the discharge and release of only liens "which may be **filed or recorded** against" the Project or Property.  On the other hand, the SLI Clause, is a general indemnification of "**all Liens**" made on account of the Project.

Consequently, the specific Lien Clause waiving mechanic's liens **filed or recorded** against the Project or the Property governs over the general indemnification of "**all [non-recorded or non-filed] Liens**" made on account of the Project.  The Liens at issue were filed in two West Virginia counties and were, for that reason, expressly waived by Earth

---

[76] *See e.g.*, *Dan Ryan Builders, Inc. v. Nelson*, 737 S.E.2d 550, 556 (W. Va. 2012) ("A leading treatise on contract law, *Corbin on Contracts* . . . ."); *Parsons v. Halliburton Energy Servs.*, 785 S.E.2d 844, 850 (W. Va. 2016); *Reddy v. Cnty. Health Found. of Man*, 298 S.E.2d 906, 913 (W. Va. 1982).

[77] 5 Corbin on Contracts § 24.22 (2020) (quoting Restatement (Second) of Contracts Section 203, "Standards of Preference in Interpretation.").

[78] 5 Corbin on Contracts § 24.23 (2020).

in the Subcontract.  For the above reasons, the Court finds that Earth has failed to state a claim for the enforcement of a mechanic's lien.

   *ii.  Count 2 Unjust Enrichment and Count 3 Quantum Meruit*

Earth argues, in the alternative to Count 1, that it is entitled to recover $3,650,300.42 under the equitable theories of unjust enrichment and *quantum meruit.*[79] Columbia Gas argues that Earth is not entitled to bring, in the alternative, the Claims in Equity when the Claims in Equity are trying to recover money for work performed under the terms of an express agreement—the Subcontract.[80]  Earth argues that because Columbia Gas disputes at least a portion of the work Earth requested compensation for as it was allegedly performed outside of the terms of the Subcontract, the disputed work plausibly arises outside the express terms of the Subcontract and thus, quasi-contract claims can be brought.

The West Virginia Supreme Court states that the theory of *quantum meruit* "is based on an implied contract. An implied contract and an express one covering the identical subject-matter cannot exist at the same time."[81]  The District Court for the Northern District of Virginia applied West Virginia law and stated: "[p]hrased another way, quasi-contract claims, like unjust enrichment or quantum meruit, are unavailable

---

[79] *Response*, at 5.

[80] *Reply*, at 11-12.

[81] *Rosenbaum v. Price Const. Co.*, 184 S.E. 261, 263 (W. Va. 1936).

when an express agreement exists because such claims only exist in the absence of an agreement."[82]

Here, Earth "repeats and realleges" in its Claims in Equity all preceding allegations in its Amended Complaint.[83]  Among these allegations is the existence of the Subcontract.[84]  Because Earth repeats and realleges the existence of the Subcontract in its Claims in Equity, neither unjust enrichment nor *quantum meruit* are independently supported by the facts.

Courts do not look at a defendant's answer to a complaint for alleged facts under a motion to dismiss standard.  Earth failed, in its Amended Complaint to mention that any of Earth's work was disputed as extra-contractual.  Where, at the motion to dismiss stage, there is no legal basis for a claim, the Court will not analyze the elements of the claim.[85]  As such, Earth fails, in Counts 2 and 3, to state claims upon which relief can be granted.

C.  *Leave to Amend*

Earth requests, pursuant to Federal Rule of Civil Procedure 15(a), that the Court allow leave to amend the Amended Complaint should the Court find the Amended

---

[82] *Ohio Valley Health Servs. & Educ. Corp. v. Riley*, 149 F. Supp. 3d 709, 721 (N.D.W. Va. 2015) (emphasis in the original) (citations omitted).

[83] *Amended Complaint*, at ¶¶ 36 and 51.

[84] *Id.*, at ¶¶ 8–19, 31.

[85] Where there is no legal basis for a claim, no amount of factual allegations taken as true will allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaint deficient. Columbia Gas has requested the Court dismiss the Amended Complaint with prejudice.

The Third Circuit in *Maeresk*, generously interpreted Federal Rules of Civil Procedure 15(a) which governs requests for leave to amend, stating that leave to amend "must generally be granted unless equitable considerations render it otherwise unjust."[86] In a previous decision, this Court analyzed *Maeresk* and determined the following factors justify the denial of leave to amend: "undue delay, bad faith, futility, unwarranted burdens on the court, and the unfair burden on the opposing party."[87]

The Court will grant Earth leave to amend the Amended Complaint with regards to Counts 2 and 3. The Court will deny Earth leave to amend the Amended Complaint with regards to Count 1 for futility.

## CONCLUSION

For the reasons set forth above, the Court finds that Earth, in Counts 1–3, has failed to state claims upon which relief can be granted. Thus, Columbia Gas's Motion to Dismiss will be GRANTED with prejudice for Count 1 and without prejudice for Counts 2 and 3.

An order will be issued.

---

[86] *See e.g.*, *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

[87] *In re BMT-NW Acquisition, LLC*, 582 B.R. 846, 867 (Bankr. D. Del. 2018).